IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALEX ZAMORA, | § | |
| Plaintiff, | § § § | |
| v. | § | EP-15-CV-00048-DCG |
| GC SERVICES, LP, | § § § | |
| Defendant. | § § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant GC Services, LP's ("Defendant") "Motion to Dismiss for Failure to State a Claim" ("Motion") (ECF No. 6), filed on March 12, 2015. Plaintiff Alex Zamora ("Plaintiff") filed a Response (ECF No. 7) on March 30, 2015, and Defendant filed a Reply (ECF No. 10) on April 23, 2015. On April 24, 2015, in light of the parties' filings and pursuant to Federal Rule of Civil Procedure 12(d), the Court converted Defendant's Motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. *See* Notice to the Parties Pursuant to Federal Rule of Civil Procedure 12(d) ("Rule 12(d) Notice"), ECF No. 11.

Beginning on May 4, 2015, and pursuant to the Court's Rule 12(d) Notice, the parties supplemented the record by filing additional evidence in support of and in opposition to the Motion. *See* ECF No. 12 ("Supplemental Response"); ECF No. 15 ("First Supplemental Reply"); ECF No. 28 ("Second Supplemental Reply"); ECF No. 30 ("Third Supplemental Reply"). On July 8, 2015, the Court held a hearing, during which Plaintiff testified about the factual matters raised in the Motion. After careful consideration of the Motion, the supplemental filings, the hearing, and the applicable law, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

Plaintiff filed an Original Petition in the 210th Judicial District Court, located in El Paso County, Texas, on November 21, 2014. *See* Notice of Removal, Ex. A at 2–8 ("Original Petition"),[1] ECF No. 1. In it, Plaintiff alleged that in or about August 2012 Defendant committed an unlawful employment practice against Plaintiff because of Plaintiff's alleged disabilities. *See* Original Pet. 1–6. On December 29, 2014, Defendant filed an Answer generally denying the allegations in Plaintiff's Original Petition. *See* Notice of Removal, Ex. A at 9–10. On January 15, 2015, Defendant moved for summary judgment. *See id.*, Ex. A at 11–14. On February 18, 2015, the day scheduled for a hearing on Defendant's motion for summary judgment, Plaintiff filed a First Amended Petition pleading the allegations in the Original Petition explicitly under the Americans Disabilities Act ("ADA"). *See id.*, Ex. A at 15–24.[2] On February 19, 2015, Defendant removed the state action to this Court. *See id.* On March 12, 2015, after an extension of time in which to file a responsive pleading, Defendant moved to dismiss Plaintiff's Amended Petition on the grounds that the ADA claims alleged therein were time–barred "because Plaintiff failed to file his ADA claims within ninety days of his receipt of the [Equal Employment Opportunity Commission]'s Notice of Right to Sue." *See* Mot. 4. Defendant then extended this argument—that Plaintiff's ADA claims were untimely filed—to the allegations in Plaintiff's Original Petition. *See* Reply 2. Plaintiff has addressed both arguments in his responses. *See* Resp. 2–5; Suppl. Resp. 5–8.

---

[1] The Court cites to the ECF pagination when referring to Defendant's Exhibit A.

[2] Defendant maintains that Plaintiff's Original Petition did not plead any federal claims, and that the Amended Petition was the first time Plaintiff pleaded claims under the ADA. *See* Reply 1. The Court does not reach this issue. As discussed more fully below, even if the Original Petition pleaded claims under the ADA, those claims were brought untimely.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of fact exists when evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and a fact is material if it might affect the outcome of the suit." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (citation and quotation marks omitted). A "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this initial burden, "the onus shifts to 'the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

## III. DISCUSSION

"[A]n employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA. . . . [T]he ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e, *et seq.*" *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (*per curiam*). Accordingly, an employee suing her employer pursuant to the ADA must commence a civil action "within ninety days" of receiving a right-to-sue letter from the Equal Employment

Opportunity Commission ("EEOC") or state or local agency. *Id.* (citing 42 U.S.C. § 2000e–5(f)(1); *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980)). "This requirement to file a lawsuit within the ninety–day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985)); *see also Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (*per curiam*) ("The ninety–day window is 'strictly construed' and is 'a precondition to filing suit in district court.'" (quoting *Taylor*, 296 F.3d at 379)). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety–day limitation period had expired." *Taylor*, 296 F.3d at 379 (citation omitted). Defendant avers that Plaintiff filed his case after the ninety–day limitation period and that the instant action fails as a result. *See* Mot. 4; Reply 2. Therefore, the question before the Court is relatively simple: did Plaintiff file his Original Petition within the applicable limitation period? The answer is no.

## A. *Presumption of Receipt*

The parties' dispute centers on the date on which Plaintiff received his right–to–sue letter from the EEOC. As explained above, an ADA action "must be commenced 'within ninety days' after the charging party has received a 'right–to–sue' letter from the EEOC or state or local agency." *Dao*, 96 F.3d at 789 (citations omitted). Plaintiff argues that he received a right–to–sue letter from the EEOC "in early November, 2014," and that his lawsuit, filed on November 21, 2014, was therefore timely filed within the ninety–day limitation period. *See* Resp. 2; *id.*, Ex. A ¶ 9. That right–to–sue letter, however, bears a stamp indicating that it was mailed on "Aug 19 2014." *See* Resp. 2; Mot., Ex. G. Defendant's counsel, who was copied on the right–to–sue letter, received the letter on August 21, 2014. *See* Reply, Exs. A, A–1. In light of this,

Defendant argues that Plaintiff must have received the right–to–sue letter before "early November, 2014." *See* Reply 2.

"When the date on which a right–to–sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (citations omitted). The exact number of presumed days was an open question in this Circuit. *See Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007) (citation omitted) ("The exact number of days is . . . an open question in this Circuit, but we have expressed satisfaction with a range between three and seven days."). However, the Fifth Circuit recently joined the majority of circuit courts and held that a presumption of receipt within three days of mailing is the rule in this jurisdiction. *See Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266–67 (5th Cir. 2015). This is significant because the right–to–sue letter at issue here indicates it was mailed on August 19, 2014. *See* Mot., Ex. G. Therefore, if the three–day presumption adopted in *Jenkins* applies, Plaintiff is presumed to have received the letter by August 22, 2014, and was required to file his ADA suit no later than November 20, 2014. *See Jenkins*, 784 F.3d at 267 (applying three–day presumption and finding that plaintiff's discrimination claims, filed three days after limitation period expired, were brought untimely).

1. **Evidence of Mailing**

The three–day presumption is rebuttable, and a threshold question for its application is "whether there is sufficient evidence that the letter was actually mailed." *See Duron*, 560 F.3d at 290 (quoting *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007)). In *Duron*, the court found that the presumption did not apply where a defendant provided insufficient evidence of mailing. *See id.* at 291. Unlike the defendant in *Duron*, Defendant provides ample evidence

that the right–to–sue letter was mailed on August 19, 2014, as the letter indicates. In addition to the stamp on the letter itself—which the *Duron* court found insufficient standing alone—Defendant provides a declaration indicating that its attorneys received the right–to–sue letter on August 21, 2014—two days after August 19, 2014. *See* Reply, Exs. A, A–1.[3] Moreover, Defendant provides a declaration from Belinda McCallister, the Area Director for the EEOC El Paso Area Office, stating that the EEOC presumes the mailing "occurred on the date that appears on the document," *i.e.*, August 19, 2014. *See* Second Suppl. Reply, Ex. A ("McCallister Declaration") ¶ 6. Defendant also provides a copy of the EEOC's Case Log for Plaintiff's administrative charge of discrimination, which shows that the right–to–sue letter was "issued" on August 18, 2014. *See* Reply, Ex. A–2 at 3.[4] The Court finds that this evidence is sufficient to apply the three–day presumption of receipt.

## 2. Evidence Rebutting Presumption of Receipt

The evidence shows that the right–to–sue letter was mailed on August 19, 2014. To rebut the presumption of receipt within three days of this date, Plaintiff "must show that [he] did not receive the EEOC's right–to–sue letter in the ordinary course." *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007). Plaintiff attempts to do this by submitting an affidavit stating that he did not receive the right–to–sue letter until "early

---

[3] Defendant's copy of the right–to–sue letter bears a stamp in the top right corner tending to corroborate that Defendant's counsel received the document on August 21, 2014. *See* Reply, Ex. A–1.

[4] Plaintiff objects to consideration of the EEOC's Case Log on the ground that it contains hearsay. *See* Suppl. Resp. 3–5. That objection is overruled. The Court is satisfied that Defendant has sufficiently authenticated the Case Log as a public record. *See* Reply Ex. A ¶ 4. As such, the statements therein fall under the hearsay exception for these kinds of documents, because the Case Log sets out the EEOC's activities in relation to Plaintiff's administrative charge. *See* Fed. R. Evid. 803(8). Indeed, Plaintiff's counsel himself appears to have received a copy of this same Case Log from the EEOC in response to a FOIA request. *See* Second Suppl. Reply, Ex. C. In any event, the Court finds sufficient evidence that the letter was mailed on August 19, 2014, even without considering the proffered Case Log.

November, 2014," in an envelope postmarked October 31, 2014. *See* Resp, Ex. A ¶ 9. Indeed, the evidence shows that the EEOC mailed Plaintiff a right–to–sue letter on October 31, 2014, but this is insufficient to rebut the presumption that the letter mailed on August 19, 2014, was not received within three days.

On October 30, 2014, Meaghan Shepard, an attorney with the EEOC Dallas Office, emailed the El Paso Area Office requesting that the El Paso Office "resend" Plaintiff's right–to–sue letter. *See* McCallister Decl. ¶ 9; *id.*, Ex. D.[5] Ms. Shepard sent this email in response to Plaintiff's communication with the Dallas Office that he had not yet received his right–to–sue letter. *See id.* ¶ 9; *id.*, Ex. D. Following the instruction in Ms. Shepard's email, an employee with the El Paso Office forwarded the request to Gilberto Rodriguez–Torres, an employee with the EEOC San Antonio Field Office who was in possession of Plaintiff's file. *See id.* ¶ 10; Second Suppl. Reply, Ex. B ("Rodriguez–Torres Declaration") at 1. Mr. Rodriguez–Torres understood this email as a request that he "re–mail" Plaintiff's right–to–sue letter, which he did. *See* Rodriguez–Torres Decl. 1–2; McCallister Decl. ¶ 11. Mr. Rodriguez–Torres believes that he complied with this request within a day of receiving it, or October 31, 2014. *See* Rodriguez–Torres Decl. 2–3.[6]

Although "[e]vidence of non–receipt can be used to establish that the notice was never

---

[5] Ms. McCallister's testimony is based on her review of an email, Exhibit D to her declaration, which is part of the EEOC's official government file for Plaintiff's administrative charge with the agency. *See* McCallister Decl. ¶¶ 9, 16. Ms. McCallister is the "custodian of records in charge of the original file." *Id.* ¶ 16. The Court considers the email in question and its content a "public record" in accordance with Federal Rule of Evidence 803(8). Plaintiff did not object to consideration of this document.

[6] Attempting to rebut the presumption of receipt within three days of the original mailing, Plaintiff also claims that he contacted the EEOC several times during June and July of 2014, "inquiring as to when [he] would be receiving the [right–to–sue letter]." Resp., Ex. A ¶ 7. But the evidence shows that the right–to–sue letter was not mailed until August 19, 2014. *See supra* Section III.A. That Plaintiff made several phone calls to the EEOC *before* August 19, 2014, cannot rebut the presumption that the letter was mailed on that date or establish that it was not received after that date for circumstances beyond Plaintiff's control.

mailed," the Fifth Circuit has rejected the notion that "a plaintiff's bare assertion of non–receipt [can] create a genuine issue of material fact to survive summary judgment." *Custer*, 503 F.3d at 420–21. Here, the claim that Plaintiff did not receive the August 19, 2014, letter but did receive the October 31, 2014, letter is particularly suspect because both letters were addressed to the same residence. *Compare* Reply, Ex. A–1 (right–to–sue letter received by Defendant's counsel on August 22, 2014), *with* Suppl. Resp, Ex. B (October 31, 2014 envelope in which Plaintiff received the second right–to–sue letter). Moreover, other courts in this Circuit have found evidence similar to Plaintiff's too tenuous to rebut the presumption of receipt. *See Arroyo v. iGate Americas, Inc.*, No. EP–13–CV–136–PRM, 2014 WL 2091247, at *5 (W.D. Tex. Feb. 25, 2014) (finding that plaintiff did not rebut the presumption of receipt where he offered (1) his and his counsel's affidavits stating that they did not receive the right–to–sue letter within the presumptive period and (2) evidence that plaintiff requested the letter from the EEOC three months after the original mailing date); *Abano v. Chertoff*, Civ. A. No. L–06–CV–23, 2007 WL 2086673, at *4 (S.D. Tex. July 18, 2007) (finding that plaintiff did not rebut the presumption of receipt where plaintiff offered (1) his own affidavit swearing to a receipt date different from the presumptive date and (2) the affidavit of a professional letter carrier that did not address the delivery of the specific letter at issue in that case), *aff'd*, 269 Fed. App'x 445 (5th Cir. 2008). Notably, Plaintiff's counsel, Enrique Chavez, also represented the plaintiff in *Arroyo*, where the allegations of non–receipt were very similar to those made in the instant case. *See Arroyo*, 2014 WL 2091247, at *5.[7]

---

[7] The Court also finds noteworthy that the EEOC mailed a copy of the right–to–sue letter to Plaintiff's counsel in response to a FOIA request on October 24, 2014, approximately twenty days before the limitation period expired. *See* Third Suppl. Reply, Ex. A at 1–2. Like his client, however, Mr. Chavez asserts that he did not receive the right–to–sue letter from the EEOC in the agency's October 24 FOIA response. *See* Hr'g Tr. 40:5–44:18 July 8, 2015.

In sum, Defendant has provided ample evidence that the right–to–sue letter was mailed on August 19, 2014. Plaintiff is therefore presumed to have received the letter no later than August 22, 2014. Plaintiff's proffered evidence to the contrary is insufficient to rebut this presumption. Thus, the Original Petition, filed on November 21, 2014, was untimely by one day and Defendant is entitled to judgment as a matter of law.[8] In reaching this conclusion, the Court heeds the Fifth Circuit's admonition that a plaintiff disputing receipt of his EEOC right–to–sue letter "should not 'enjoy a manipulable open–ended time extension which could render the statutory limitation meaningless.'" *See Espinoza*, 754 F.2d at 1250 n.3 (quoting *Bell v. Eagle Motor Lines*, 693 F.2d 1086, 1087 (11th Cir. 1982)); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (*per curiam*) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by the courts out of a vague sympathy for particular litigants.").

## B. *The EEOC Should Mail Right–to–Sue Letters via Certified Mail*

Sympathetic or not, plaintiffs seeking to vindicate their rights under federal anti-discrimination statutes are in an unenviable position. At issue in this case was one of several hurdles that these plaintiffs must overcome before they are even permitted to file a lawsuit. This hurdle, filing a claim within ninety days of receiving a right–to–sue letter, is particularly challenging because it creates a "condition precedent" that depends on the actions of two third-parties: the EEOC, which mails the letter, and the United States Postal Service, which delivers it.

---

[8] Plaintiff neither requested nor argued that he was entitled to equitable tolling or waiver of the ninety–day limitation period. *See Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) ("The claimant bears the burden of justifying equitable tolling." (citing *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988))).

Relying on the efficiency of these two government agencies, the law then presumes that the right–to–sue letter is received within three days of its mailing. What if a plaintiff swears it was not? Well, he or she is required prove a negative. A plaintiff must be mindful, however, that his or her own sworn statement is not enough, *see Custer*, 503 F.3d at 421, even though mail delivery issues are not uncommon, *see Payan*, 495 F.3d at 1126. This condition precedent is at least subject to equitable tolling, *Espinoza*, 754 F.2d at 1248 n.1, so plaintiffs are not completely without recourse. But here the law adds yet another hurdle: "[a]bsent *compelling* equitable considerations, a court should not extend limitations by even a single day." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (emphasis added) (citation omitted); *accord Hood*, 168 F.3d at 232; *Espinoza*, 754 F.2d at 1251. In light of these considerations, the Court echoes the Fifth Circuit and notes "that if the EEOC had followed its former practice of sending right–to–sue letters by certified mail, this dispute would, in all likelihood, have never arisen." *See Duron*, 560 F.3d at 291; *see also Turner v. Dep't of Educ.*, CIV. No. 10–00707 ACK–BMK, 2011 WL 1637333, at *6 n.7 (D. Haw. Apr. 28, 2011) (citation omitted) ("Even if there is no requirement [that the right–to–sue letter be sent via certified mail], using certified mail can prevent the kind of dispute that has arisen here.").

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant GC Services, LP's "Motion to Dismiss for Failure to State a Claim" (ECF No. 6), converted by the Court into a motion for summary judgment, is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **TERMINATE** Defendant GC Services, LP, from the above–captioned case.

**IT IS FINALLY ORDERED** that the Clerk of the Court **CLOSE** the above–captioned case.

So ORDERED and SIGNED this 4th day of August, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE